UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOUBNA NAJI and AMAL NAJIEH
AOUM, individually and as next friend for
her minor children NAZIH BARJAS,
MOHAMAD BARJAS, and ZACK BARJAS,

      Plaintiffs,                    CIVIL ACTION NO. 13-cv-10738

      v.                                DISTRICT JUDGE PAUL D. BORMAN

ANDREW RICHARD LINCOLN,      MAGISTRATE JUDGE MONA K. MAJZOUB

      Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO COMPEL [11]**

      This matter comes before the Court on Defendant Andrew Richard Lincoln's Motion to Compel Discovery. (Docket no. 11.) Plaintiffs have not responded to Defendant's motion. The motion has been referred to the undersigned for consideration. (Docket no. 12.) The Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

**I.      Background**

      On October 2, 2012, Plaintiffs Loubda Naji and Amal Najieh Aoum, individually and as next friend for her minor children Nazih Barjas, Mohamad Barjas, and Zack Barjas, filed a complaint against Defendant in the Wayne County Circuit Court. (Docket no. 1-1.) In their complaint, Plaintiffs allege that Defendant negligently operated a motor vehicle, which resulted in injuries to the Plaintiffs. (*Id*. at ¶¶ 5-12.) Defendant removed the case to this Court on February 21, 2013. (Docket no. 1.) On October 2, 2013, Defendant served Plaintiffs with interrogatories and requests

for production of documents. (Docket no. 11-2.) Plaintiffs failed to respond. (Docket no. 11 at ¶ 6.) Nearly two weeks after Plaintiffs' discovery responses were due, on November 12, 2013, Defendant's counsel conferred with Plaintiffs' counsel in an attempt to obtain the requested information. (*Id*. at ¶¶ 4-5; *see* docket no. 11-3.) Again, Plaintiffs did not respond. (Docket no. 11 at ¶ 5.) Then, on December 6, 2013, after seeking but not receiving concurrence, Defendant filed the instant Motion to Compel Discovery. (*Id*.) While this motion was pending before the Court, Defendant filed a Motion to Dismiss for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (Docket no. 15.) Defendant's two motions are currently pending before the Court.

**II.     Law and Analysis**

Rules 33 and 34 allow a party to serve interrogatories and requests for production of documents on an opposing party. Fed.R.Civ.P. 33, 34. A party receiving these types of discovery requests has thirty days to respond with answers or objections. Fed.R.Civ.P. 33(b)(2), 34(b)(2)(A). If the party receiving discovery requests under Rules 33 or 34 fails to respond properly, Rule 37 provides the party who sent the discovery the means to file a motion to compel. Fed.R.Civ.P. 37(a)(3)(B). If a court grants a Rule 37 motion to compel, or if discovery is received after a Rule 37 motion is filed, then the court must award reasonable expenses and attorney's fees to the successful party, unless the successful party did not confer in good faith before the motion, the opposing party's position was substantially justified, or other circumstances would make an award unjust. Fed.R.Civ.P. 37(a)(5)(A).

Plaintiffs did not respond to Defendant's interrogatories or requests for production of documents, and have not responded to Defendant's Motion to Compel. On March 7, 2014, four days after Defendant filed his Motion to Dismiss for Failure to Prosecute (Docket no. 16 at ¶ 6.),

Plaintiffs asserted in their response to that motion that they have responded to all outstanding discovery requests. Defendant contends that Plaintiffs' "bare bones" discovery responses are inadequate and incomplete, specifically noting that Plaintiffs failed to produce releases for their medical records. (Docket no. 19 at 4.) Plaintiffs have not adequately met their burden under the Federal Rules of Civil Procedure. Therefore, the Court will grant Defendant's Motion to Compel and order Plaintiffs to provide full and complete responses to Defendant's Interrogatories and Requests for Production, without objection, within 21 days of this Opinion and Order.

Rule 37 sanctions are appropriate in this case because the Court grants Defendant's Motion to Compel and because Plaintiffs failed to provide any discovery responses until after Defendant filed said motion. The Court finds that Plaintiffs acted unreasonably in the course of discovery and, therefore, will order Plaintiffs to pay Defendant's reasonable expenses and attorney's fees pursuant to Fed. R. Civ. P. 37(a)(5). The Court will also order Defendant to submit a Bill of Costs.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel [11] is **GRANTED**. Plaintiffs are ordered provide full and complete responses to Defendant's Interrogatories and Requests for Production, without objection, within 21 days of this Opinion and Order.

**IT IS FURTHER ORDERED** that Plaintiffs pay the reasonable expenses and attorney's fees incurred by Defendant as a result of bringing the instant motion. Defendant is ordered to submit to the Court a Bill of Costs itemizing the same within 21 days of this Opinion and Order, at which time the Court will determine the amount of costs and fees for which Plaintiffs are liable.

### NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days

3

from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated:  June 23, 2014         s/ Mona K. Majzoub
                              MONA K. MAJZOUB
                              UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated:  June 23, 2014         s/ Lisa C. Bartlett
                              Case Manager