UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**LOUBNA NAJI and AMAL NAJIEH
AOUM, individually and as next friend for
her minor children NAZIH BARJAS,
MOHAMAD BARJAS, and ZACK BARJAS,**

      Plaintiffs,                        CIVIL ACTION NO. 13-cv-10738

      v.                               DISTRICT JUDGE PAUL D. BORMAN

**ANDREW RICHARD LINCOLN,**      MAGISTRATE JUDGE MONA K. MAJZOUB

      Defendant.
_____/

## REPORT AND RECOMMENDATION

Before the Court is Defendant's Motion to Dismiss. (Docket no. 15.) Plaintiffs filed a Response to Defendant's Motion (Docket no. 16), and Defendant filed a Reply to Plaintiffs' Response (Docket no. 19). The motion has been referred to the undersigned for consideration. (Docket no. 17.) The undersigned has reviewed the pleadings, dispenses with a hearing pursuant to E.D. Mich. L.R. 7.1(f)(2), and issues this Report and Recommendation.

### I.    RECOMMENDATION

For the reasons that follow, the undersigned recommends that Defendant's Motion to Dismiss (Docket no. 15) be **DENIED**.

### II.    REPORT

    **A.**    **Facts and Procedural History**

On October 2, 2012, Plaintiffs Loubda Naji and Amal Najieh Aoum, individually and as next friend for her minor children Nazih Barjas, Mohamad Barjas, and Zack Barjas, filed a complaint

against Defendant in the Wayne County Circuit Court. (Docket no. 1-1.) In their complaint, Plaintiffs allege that Defendant negligently operated a motor vehicle, which resulted in injuries to the Plaintiffs. (*Id*. at ¶¶ 5-12.) Defendant removed the case to this Court on February 21, 2013. (Docket no. 1.) On October 2, 2013, Defendant served Plaintiffs with interrogatories and requests for production of documents. (Docket no. 11-2.) Plaintiffs failed to respond and, on December 6, 2013, Defendant filed a Motion to Compel Discovery.[1] (Docket no. 11 at ¶ 5.) Plaintiffs did not respond to Defendant's motion. (Docket no. 15 at ¶ 8.) Three months later, on March 3, 2014, while his Motion to Compel was still pending, Defendant filed the instant Motion to Dismiss pursuant to Federal Rule of Civil Procedure 41(b). (Docket no. 15.) Plaintiffs responded to Defendant's motion (Docket no. 16), and Defendant replied to Plaintiffs' response (Docket no. 19.)

**B.     Law and Analysis**

Rule 41(b) of the Federal Rules of Civil Procedure gives a court authority to dismiss a case on motion if "the plaintiff fails to prosecute or to comply with these rules or a court order...." Fed.R.Civ.P. 41(b). A dismissal under Rule 41(b) operates as an adjudication on the merits. (*Id*.) The court should consider the following factors before dismissing an action under Rule 41(b): "(1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Stough v. Mayville Cmty. Schs*., 138 F.3d 612, 615 (6th Cir. 1998). Furthermore, Federal Rule of Civil Procedure 37(d) authorizes the Court

---

[1] In a separate Opinion and Order, the undersigned has granted Defendant's Motion to Compel simultaneously with the issuance of this Report and Recommendation.

to order sanctions if a party fails to answer interrogatories or respond to a request for production of documents. Rule 37(b) provides a list of sanctions the Court may order if a party fails to obey a discovery order, up to and including dismissal of that party's action or proceeding in whole or in part. Fed.R.Civ.P. 37(b)(2)(A)(v).

In his motion, Defendant asserts that Plaintiffs have done nothing to prosecute their case and that he would be prejudiced if Plaintiffs were allowed to proceed with their claims because Plaintiffs have neither released their medical records to him nor provided him with any other information which sets forth the specifics of their claims. (Docket no. 15 at 7.) In their response to Defendant's motion, Plaintiffs claim that they are interested in pursuing their complaint and request that the Court deny Defendant's motion because they answered all outstanding discovery requests on March 7, 2014, four days after Defendant filed his Motion to Dismiss. (*See* docket no. 16.) Defendant replied to Plaintiffs' response in which he continues to assert that dismissal is appropriate because (1) Plaintiffs' "bare bones discovery responses" are inadequate for trial preparation purposes; (2) Defendant is prejudiced by Plaintiffs' late discovery responses, filed within 45 days of the close of discovery; (3) Plaintiffs have not made their expert disclosures as required by the Court's Scheduling Order; and (4) Plaintiffs have willfully violated the discovery rules the entire time that this case has been pending. (Docket no. 19 at 3-5.)

The undersigned finds that Plaintiffs' dilatory conduct throughout the discovery process has prejudiced Defendant's ability to defend himself against Plaintiffs' claims. Nevertheless, the Court has not yet formally warned Plaintiffs that failure to cooperate in the discovery process could lead to dismissal of their case. In an Opinion and Order issued simultaneously with this Report and Recommendation, the undersigned has granted Defendant's Motion to Compel Discovery, ordered

Plaintiffs to provide full and complete responses to Defendant's discovery requests, and issued monetary sanctions pursuant to Federal Rule of Civil Procedure 37(a)(5). Any failure to comply with the Court's Order Granting Defendant's Motion to Compel Discovery could result in further sanctions, including dismissal. At this juncture the undersigned recommends that Defendant's Motion to Dismiss for failure to prosecute pursuant to Rule 41(b) be DENIED without prejudice.

The undersigned further recommends that the Court amend its current Scheduling order as deemed appropriate in order to allow for additional discovery.

**REVIEW OF REPORT AND RECOMMENDATION**

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *See Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: June 23, 2014        s/ Mona K. Majzoub
                            MONA K. MAJZOUB
                            UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: June 23, 2014         s/ Lisa C. Bartlett
                             Case Manager