UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOUBNA NAJI and AMAL NAJIEH
AOUM, individually and as next friend for
her minor children NAZIH BARJAS,
MOHAMAD BARJAS, and ZACK BARJAS,

      Plaintiffs,                CIVIL ACTION NO. 13-cv-10738

      v.                               DISTRICT JUDGE PAUL D. BORMAN

ANDREW RICHARD LINCOLN,      MAGISTRATE JUDGE MONA K. MAJZOUB

      Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiffs' claims arise out of an automobile accident. (*See* docket no. 1-1 ¶ 6.) Plaintiffs Loubna Naji and Amal Najieh Aoum, individually and as next friend for her minor children Nazih Barjas, Mohamad Barjas, and Zack Barjas, allege that on August 4, 2012, Defendant Andrew Richard Lincoln negligently operated a motor vehicle, which resulted in injuries to Plaintiffs. (*Id.* ¶¶ 3, 6.) In a June 23, 2014 Opinion and Order, the Court granted Defendant's Motion to Compel and ordered Plaintiffs to pay the reasonable expenses and attorney's fees that Defendant incurred in bringing the Motion pursuant to Federal Rule of Civil Procedure 37(A)(5). (Docket no. 21.) On July 14, 2014, Defendant's counsel submitted a Bill of Costs. (Docket no. 23.) The undersigned now issues this Report and Recommendation pursuant to 28 U.S.C. § 636 (b)(1).

**I.      RECOMMENDATION**

The undersigned recommends that Defendant Andrew Richard Lincoln be awarded reasonable expenses and attorney's fees in the amount of $78.00, payable by Plaintiffs to Defendant's counsel within 21 days.

**II.     REPORT**

    **A.      Procedural History**

This matter was initially before the Court on Defendant's Motion to Compel Discovery. (Docket no. 11.) On October 2, 2013, Defendant served Plaintiffs with interrogatories and requests for production of documents. (Docket no. 11-2.) Plaintiffs failed to respond. (Docket no. 11 ¶ 6.) Nearly two weeks after Plaintiffs' discovery responses were due, on November 12, 2013, Defendant's counsel conferred with Plaintiffs' counsel in an attempt to obtain the requested information. (*Id*. ¶¶ 4-5; *see* docket no. 11-3.) Again, Plaintiffs did not respond. (Docket no. 11 ¶ 5.) Then, on December 6, 2013, after seeking but not receiving concurrence, Defendant filed the Motion to Compel; Plaintiffs did not file a response. (*Id*.) The Court granted Defendant's Motion (docket no. 21), and pursuant to the Court's Order, Defendant's counsel submitted a Bill of Costs seeking a total of $78.00 for six tenths of an hour of work (docket no. 23). Plaintiffs have not filed an objection.

    **B.      Attorney Fees Standard**

Rule 37(a)(5)(A) authorizes the Court to order the payment of "the reasonable expenses incurred [by the moving party] in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). To calculate a reasonable attorney's fees award, courts use the "lodestar method," which requires the court to multiply a reasonable hourly rate by the reasonable number of hours

worked. *Ellison v. Balinski*, 625 F.3d 953, 960 (6th Cir. 2010). The Court "has broad discretion to determine what constitutes a reasonable hourly rate for an attorney." *Hett v. Bryant Lafayette and Assocs.*, No. 10-cv-12479, 2011 WL 740460, at *2 (E.D. Mich. Feb. 24, 2011) (Borman, J.) (quoting *Wayne v. Vill. of Sebring*, 36 F.3d 517, 533 (6th Cir. 1994). But "[a]ccording to the law of this circuit, [the court] is required to adjust attorney fee rates to the local market rates for attorneys." *Swans v. City of Lansing*, 65 F.Supp.2d 625, 647 (W.D. Mich. 1998) (citing *Hadix v. Johnson*, 65 F.3d 532, 536 (6th Cir. 1995)). In addition, the court considers the following factors when calculating the reasonableness of attorney's fees: "(1) the professional standing and experience of the attorney; (2) the skill, time and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client." *Miller v. Alldata Corp.*, 14 Fed. Appx. 457, 468 (6th Cir. 2001).

> The Supreme Court has also provided guidance:
>
> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly.
>
> The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.

*Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983) (citation omitted).

**C. Analysis**

Defendant's counsel, David M. Nelson, seeks an hourly rate of $130.00 per hour. (Docket no. 23 at 2 n.1.) As noted, Plaintiffs have not objected to Attorney Nelson's request. Moreover, the undersigned finds that Attorney Nelson's hourly rate is reasonable and within local market rates. With regard to the number of hours expended, Attorney Nelson asserts that he spent six tenths of an hour preparing the Motion to Compel. (*Id.*) Again, the undersigned finds this request reasonable, particularly with no outstanding objections from Plaintiffs.

### D.     Conclusion

For the reasons indicated herein, the undersigned recommends awarding total expenses and fees to Defendant in the amount of $78.00

### III.    NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later

than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: October 30, 2014        s/ Mona K. Majzoub
                               MONA K. MAJZOUB
                               UNITED STATES MAGISTRATE JUDGE


## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: October 30, 2014        s/ Lisa C. Bartlett
                               Case Manager