UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOUBNA NAJI and AMAL NAJIEH
AOUM, individually and as next friend for
her minor children NAZIH BARJAS,
MOHAMAD BARJAS, and ZACK BARJAS,

      Plaintiffs,                    CIVIL ACTION NO. 13-cv-10738

      v.                            DISTRICT JUDGE PAUL D. BORMAN

ANDREW RICHARD LINCOLN,      MAGISTRATE JUDGE MONA K. MAJZOUB

      Defendant.
_____/

**REPORT AND RECOMMENDATION**

This automobile negligence case comes before the Court on Defendant's second Motion to Dismiss. (Docket no. 28.) Plaintiffs have not filed a response to Defendant's Motion. The motion has been referred to the undersigned for consideration. (Docket no. 29.) The Court has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation.

**I.    RECOMMENDATION**

For the reasons that follow, it is recommended that Defendant's Motion to Dismiss (docket no. 28) be **DENIED**. It is also recommended, however, that Plaintiffs be prohibited from (1) offering any proofs related to Plaintiff Nazih Barjas's alleged injuries or any damages resulting from said injuries; and (2) introducing evidence from any of Plaintiffs' medical providers or treatment facilities that have not yet, but should have already, been disclosed. Additionally, it is recommended that Plaintiffs be ordered to pay Defendant's reasonable

expenses caused by Plaintiffs' failure to fully comply with the Court's June 23, 2014 Order; if this recommendation is adopted, Defendant should be ordered to submit a bill of costs to the Court within twenty-one (21) days. Finally, it is recommended that Plaintiffs be warned that any further failure to cooperate in the progression of this matter or any further failure to comply with a court order may result in dismissal.

## II.     REPORT

### A.     Facts and Procedural History

This matter arises from an August 4, 2012 automobile accident. On October 2, 2012, Plaintiffs Loubda Naji and Amal Najieh Aoum, individually and as next friend for her minor children Nazih Barjas, Mohamad Barjas, and Zack Barjas, filed a complaint against Defendant in the Wayne County Circuit Court. (Docket no. 1-1.) In their complaint, Plaintiffs allege that Defendant negligently operated a motor vehicle, which resulted in injuries to Plaintiffs. (*Id*. ¶¶ 5-12.) Defendant removed the case to this Court on February 21, 2013. (Docket no. 1.) On October 2, 2013, Defendant served Plaintiffs with interrogatories and requests for production of documents. (Docket no. 11-2.) Plaintiffs failed to respond and, on December 6, 2013, Defendant filed a Motion to Compel Discovery. (Docket no. 11 ¶ 5.) Plaintiffs did not respond to Defendant's motion. (Docket no. 15 ¶ 8.) Three months later, on March 3, 2014, while his Motion to Compel was still pending, Defendant filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 41(b). (Docket no. 15.)

On June 23, 2014, the Court granted Defendant's Motion to Compel, ordered Plaintiffs to provide full and complete responses to Defendant's discovery requests within twenty-one days, and awarded Defendant his reasonable expenses pursuant to Federal Rule of Civil Procedure 37(a)(5). (Docket no. 21.) A Report and Recommendation was issued contemporaneously with

the June 23, 2014 Order, in which it was recommended that Defendant's Motion to Dismiss be denied without prejudice. (Docket no. 22.) The Report and Recommendation also placed Plaintiffs on notice that any failure to comply with the Court's Order Granting Defendant's Motion to Compel Discovery could result in further sanctions, including dismissal. (*Id*. at 4.) The Report and Recommendation was adopted on July 16, 2014. (Docket no. 24.) Another Report and Recommendation was issued on October 30, 2014, in which it was recommended that Defendant be awarded the $78.00 in expenses and attorney's fees he incurred in bringing his Motion to Compel, payable by Plaintiffs within twenty-one days. (Docket no. 26.) This Report and Recommendation was adopted on November 24, 2014. (Docket no. 27.)

Defendant filed the instant Motion to Dismiss on December 1, 2014. (Docket no. 28.) Plaintiffs have not responded. In his Motion, Defendant advises that after the Court's June 23, 2014 Order issued, defense counsel sent a letter to Plaintiffs' counsel regarding the defects in Plaintiffs' discovery responses. (*Id*. at 10; *see* docket no. 28-4.) Defendant indicates that he subsequently received revised answers to his discovery requests, but those answers are still deficient. (*Id*. at 10; *see* docket no. 28-9.) Specifically, Defendant asserts that he has yet to receive a signed medical release form for Plaintiff Nazih Barjas. (*Id*. at 10.) He further asserts that he has not received a complete list of Plaintiffs' treating physicians and that the list he has received is inaccurate, as some of the treatment facilities Plaintiffs listed have indicated that they have never treated Plaintiffs. (*Id*.) Defendant also claims that Plaintiffs have failed to make themselves available for depositions and have failed to pay the $78.00 discovery sanction ordered by the Court.[1] (*Id*. at 11.)

---

[1] Specifically, Defendant alleges that Plaintiffs have not responded to a November 5, 2014 letter regarding potential deposition dates (docket no. 28 at 4; *see* docket no. 28-10); whether Defendant has formally noticed Plaintiffs' depositions is unknown.

3

**B.     Governing Law**

Rule 37(b)(2) provides that if a party disobeys a discovery order, the court may dismiss the matter in whole or in part. Fed. R. Civ. P. 37(b)(2)(A)(v). The court may also prohibit the disobedient party from introducing designated matters in evidence. Fed. R. Civ. P. 37(b)(2)(A)(ii). Additionally, the court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

But the entry of a default judgment or dismissal of an action as a sanction for discovery abuse is a sanction of last resort and may be imposed only if the court concludes that the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault. *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990). Additional factors to consider are prejudice to the adversary party from the failure to cooperate, whether the defaulting party was warned that failure to cooperate could lead to default, and whether less drastic sanctions were considered. *Id.* Thus, such a sanction is drastic step appropriate only in the most extreme cases. *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983).

**C.     Analysis**

In his Motion, Defendant analyzes the factors set forth above and asserts that dismissal is appropriate. (Docket no. 28 at 12-13.) First, Defendant argues that Plaintiffs have exhibited a clear record of delay by failing to (1) respond to Defendant's discovery requests in any fashion until after Defendant filed his first dispositive motion; (2) provide full and complete answers to Defendant's discovery requests in spite of the Court's June 23, 2014 Order; (3) provide a signed medical release form for Plaintiff Nazih Barjas; and (4) provide Defendant with available

4

deposition dates. Defendant asserts that Plaintiffs' record of delay demonstrates that Plaintiffs' failure to cooperate is due to willfulness, bad faith, or fault. Defendant also points out that the undersigned has previously recognized that Plaintiffs' dilatory conduct has prejudiced Defendant and has previously warned Plaintiffs that their failure to comply with the Court's discovery order could result in further sanctions, including dismissal. Finally, Defendant argues that lesser sanctions have been imposed on Plaintiffs without success.

As discussed, dismissal of a matter under Rule 37(b)(2)(A) is a severe sanction that should only be imposed as a last resort. Although Plaintiffs have been formally warned that failure to comply with the Court's Order may result in dismissal, the imposition of such a harsh sanction is not appropriate at this time. Plaintiffs have complied with the Court's June 23, 2014 Order Granting Defendant's Motion to Compel Discovery in part by supplementing their discovery responses and providing signed medical release forms for four of the five plaintiffs. Moreover, the only lesser sanction imposed on Plaintiffs thus far is $78.00 in attorney's fees and costs that Defendant incurred in bringing his Motion to Compel.

Under these circumstances, there are other, lesser sanctions available to the Court under Rule 37(b)(2)(A) that will adequately address Plaintiffs' prejudicial behavior. Without any excuse, Plaintiffs have indisputably failed to provide Defendant with a signed medical release form for Plaintiff Nazih Barjas and have provided an allegedly incomplete and inaccurate list of Plaintiffs' treating physicians and treatment facilities. To avoid any further prejudice to Defendant in this regard, in accordance with Rule 37(b)(2)(A)(ii), the Court should prohibit Plaintiffs from offering any medical proofs related to Plaintiff Nazih Barjas's alleged injuries or any damages resulting from said injuries. Additionally, Plaintiffs should be prohibited from

introducing evidence from any of Plaintiffs' medical providers or treatment facilities that have not yet, but should have already, been disclosed.

Plaintiffs' failure to fully comply with the Court's June 23, 2014 Order is not substantially justified. Accordingly, Plaintiffs should be ordered to pay Defendant's reasonable expenses, including attorney's fees, caused by Plaintiffs' failure to comply, in accordance with Federal Rule of Civil Procedure 37(b)(2)(C). Plaintiffs should also be warned that any further failure to cooperate in the progression of this matter or any further failure to comply with an order of this Court, including any orders that Plaintiffs pay Defendant's reasonable expenses, may result in dismissal of their case. In light of the explanation and sanctions set forth above, Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v) should be denied without prejudice.

### D. Conclusion

For the reasons stated above, the Court should deny Defendant's Motion to Dismiss (docket no. 28) without prejudice. The Court should, however, prohibit Plaintiffs from (1) offering any medical proofs related to Plaintiff Nazih Barjas's alleged injuries or any damages resulting from said injuries; and (2) introducing evidence from any of Plaintiffs' medical providers or treatment facilities that have not yet, but should have already, been disclosed. The Court should also order Plaintiffs to pay Defendant's reasonable expenses caused by Plaintiffs' failure to fully comply with the Court's June 23, 2014 Order; if this recommendation is adopted, the Court should order Defendant to submit a bill of costs to the Court within twenty-one (21) days. Finally, the Court should warn Plaintiffs that any further failure to cooperate in the progression of this matter or any further failure to comply with a court order may result in dismissal.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: June 24, 2015          s/ Mona K. Majzoub
                              MONA K. MAJZOUB
                              UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon counsel of record on this date.

Dated: June 24, 2015             s/ Lisa C. Bartlett
                                 Case Manager