UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOUBNA NAJI and AMAL ANJIEH
AOUM, individually and as next friend
for her minor children, NAZIH BARJAS,   Case No. 13-10738
MOHAMED BARJAS and ZACK BARJAS,

                                                         Honorable Paul D. Borman
                     Plaintiffs,     United States District Judge

v

ANDREW RICHARD LINCOLN,

                     Defendant
_____/

## ORDER OF DISMISSAL WITH PREJUDICE

This Court set this matter for a Final Pretrial Conference for December 14, 2015, at 2:30 p.m., and notified the parties of said Final Pretrial Conference and the scheduled date, place and time in its PRETRIAL CIVIL CASE MANAGEMENT AND SCHEDULING ORDER on August 6, 2015. (ECF No. 35.) The Court convened the Final Pretrial Conference at the noticed date, time and place with counsel for Defendant appearing but Plaintiffs and Plaintiffs' counsel having failed to appear, as ordered by this Court. Plaintiffs' failure to appear for the Final Pretrial Conference was just another instance of the dilatory and contumacious conduct that Plaintiffs have exhibited since the inception of this case. Prior to their failure to appear for the Final Pretrial Conference, Plaintiffs were sanctioned and warned that their previous failures to cooperate and to comply with Orders of this Court could result in dismissal of this action with prejudice. *See* ECF No. 34, 7/14/15 Order Adopting Magistrate Judge Majzoub's Report and Recommendation. The Court's July 14, 2015 Order imposed sanctions on the Plaintiffs and expressly warned that "further failures to cooperate

in the progress of this litigation, or failures to comply with Court orders, may result in dismissal of this case with prejudice."

Rule 41(b) authorizes the involuntary dismissal of a case for want of prosecution if "the plaintiff fails to prosecute or to comply with [the federal rules of civil procedure] or a court order." Fed. R. Civ. P. 41(b). "Rule 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal." *Steward v. City of Jackson, Tenn.*, 8 F. App'x 294, 296 (2001) (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962)). E.D. Mich. L.R. 41.2 likewise permits the Court, on its own motion and after reasonable notice or an application of a party, to enter an Order dismissing or remanding a case unless good cause is shown.

When contemplating dismissal of an action under Rule 41(b), a court will consider: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Sexton v. Uniroyal Chemical Co., Inc.*, 62 F. App'x 615, 618 (6th Cir. 2003). The rule contemplates that the court has an inherent power, "acting on their own, to clear their calendars of cases that have remained dormant because of inaction or dilatoriness of the parties seeking relief." *Link*, 370 U.S. at 626.

In this case, each of the four factors weighs in favor of dismissal of this action with prejudice. Plaintiffs' failure to cooperate is well documented in the Court's prior Orders. Most recently, in addition to failing to appear for the Final Pretrial Conference, Plaintiffs failed to convene a Pretrial Conference as required by this Court's Case Management Order and, when finally submitting an untimely "Joint Final Pretrial Order," failed to comply with their obligation to

cooperate and meet with opposing counsel in preparing that Order. Defendant, who faces claims for damages arising out of an automobile accident that occurred over three years ago, has most certainly been prejudiced by Plaintiffs' dilatory conduct, and most particularly by Plaintiffs' repeated failures to provide medical clearances and to appear for depositions in this action in which they seek damages for alleged physical and emotional injuries. Plaintiffs have been warned multiple times that continued conduct of this nature could result in dismissal of this case. Prior failures to cooperate and to comply with the Court's previous Orders have been met with sanctions short of dismissal, including exclusion of evidence from trial. The time for less drastic sanctions has now passed. "[A]ny sanction short of dismissal would permit the repeatedly recalcitrant [Plaintiffs] to benefit from [their] tactical obstruction." *Sexton*, 62 F. App'x at 621.

Accordingly, the Court hereby finds a continuing and contumacious failure to proceed with this case by Plaintiffs and failure to comply with this Court's Orders and hereby Orders this case DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

                                              s/Paul D. Borman
                                              PAUL D. BORMAN
                                              UNITED STATES DISTRICT JUDGE

Dated: December 18, 2015

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 18, 2015.

                                              s/Deborah Tofil
                                              Case Manager