UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOUBNA NAJI and AMAL ANJIEH
AOUM, individually and as next friend
for her minor children, NAZIH BARJAS,           Case No. 13-10738
MOHAMED BARJAS and ZACK BARJAS,

                                                           Honorable Paul D. Borman
                       Plaintiffs,                       United States District Judge

v.

ANDREW RICHARD LINCOLN,

                       Defendant.
_____/

ORDER DENYING PLAINTIFFS' MOTION TO SET ASIDE ORDER OF DISMISSAL
WITH PREJUDICE AND REINSTATE THIS MATTER (ECF NO. 38)

On December 18, 2015, this Court entered an Order of Dismissal With Prejudice of this case pursuant to Federal Rule of Civil Procedure 41(b). (ECF No. 37.) On December 23, 2015, Plaintiffs filed a Motion to Set Aside Order of Dismissal and Reinstate Matter. (ECF No. 38.) Defendant filed a Response to Plaintiffs' motion. (ECF No. 39.) For the reasons that follow, the Court DENIES Plaintiffs' motion.

Plaintiffs move the Court to set aside its Order of Dismissal pursuant to Federal Rule of Civil Procedure 60(b). Rule 60(b) authorizes a district court to exercise its discretion to grant relief from a final judgment or order only for one of the following reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;

    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

1

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). It is well established that "a Rule 60(b)(6) motion 'must be based on some reason other than those stated in clauses (1)-(5).'" *Smith v. Sec'y of Health and Human Servs.*, 776 F.2d 1330, 1333 (6th Cir. 1985). Only the most "extraordinary circumstances" support granting relief under the residual exception in Fed. R. Civ. P. 60(b)(6). *Smith*, 776 F.2d at 1333.

Plaintiffs appear to rely on Fed. R. Civ. P. 60(b)(1), seeming to claim "mistake" or "excusable neglect" due to the failure of Plaintiffs' counsel's secretary to properly calendar the date for the Final Pretrial Conference. Plaintiffs' argument completely misconstrues the Court's December 18, 2015 Dismissal Order which was issued not solely because Plaintiffs' failed to appear for the scheduled Final Pretrial Conference but because Plaintiffs' failure to appear was but another instance of Plaintiffs' "clear record of delay [and] contumacious conduct" in the prosecution of this case. *Buck v. U.S. Dept. of Agriculture*, 960 F.2d 603, 608 (6th Cir. 1992) (internal quotation marks and citation omitted) (alteration added). The Court rejects Plaintiffs' attempt to trivialize the failure to appear for the Final Pretrial Conference as a mere "mistake" warranting a much less drastic sanction than dismissal on the facts of this case. "This is not a case where the [] court immediately dismissed a case for failure to comply with a single court order." *Id*. (alteration added). Indeed, the pattern of contumacious conduct in this case, as discussed in the Court's December 18, 2015 Order and as described more fully below, manifestly warranted dismissal with prejudice of Plaintiffs'

2

claims. Plaintiffs' failure to appear for the Final Pretrial Conference was the tipping point, not the sole basis, for the dismissal. Accordingly, the Court DENIES Plaintiffs' motion to set aside the order of dismissal.

Defendant removed this action to this Court on February 21, 2013. On October 2, 2013, Defendant served Plaintiffs with interrogatories and requests for production of documents. Plaintiffs did not respond and, on December 6, 2013, Defendant filed a motion to compel to which Plaintiffs never responded. While that motion was pending, on March 3, 2014, Defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 41(b) based upon Plaintiffs' continued failure to respond to the motion to compel and failure to cooperate in prosecution of their case even in light of the pending motion to compel, and specifically citing Plaintiffs' refusal to release any medical records or provide Defendant with the specifics of any of their damage claims in this auto negligence action. Magistrate Judge Majzoub, noting that "Plaintiffs' dilatory conduct throughout the discovery process has prejudiced Defendant's ability to defend himself against Plaintiffs' claims," nonetheless denied the motion to dismiss without prejudice because Plaintiffs had provided "some" responses to Defendant's discovery requests just three days before Defendant filed his motion to dismiss. Magistrate Judge Majzoub stopped short of granting the dismissal because Plaintiffs had not yet been warned that failure to cooperate in discovery could result in dismissal of their case. Magistrate Judge Majzoub then took the opportunity to formally warn Plaintiffs at that time (over a year and a half ago) that continued failures to comply with Court Orders could result in further sanctions, "including dismissal." ECF No. 22, Report and Recommendation at 3-4. No objections were filed to Magistrate Judge Majzoub Report and Recommendation, which this Court adopted on July 16, 2014. (ECF No. 24, Order Adopting Report and Recommendation.) In an Order granting

3

Defendant's motion to compel issued the same day as her Report and Recommendation, Magistrate Judge Majzoub found that Plaintiffs had "acted unreasonably in the course of discovery," and ordered Plaintiffs to pay Defendant's reasonable expenses incurred in filing the motion to compel, to which Plaintiffs had not even bothered to respond. ECF No. 21, Order Granting Defendant's Motion to Compel at 3.

Plaintiffs' contumacious conduct continued even after having received these sanctions and warnings of dismissal from the Court. Plaintiffs continued to provide insufficient discovery responses, most importantly completely failing to provide medical releases and refusing to provide dates for their depositions, notwithstanding their claims of physical and emotional injury in this action. On December 1, 2014, Defendant was once again forced to appeal to the Court, filing a second motion to dismiss, this time pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v), based upon Plaintiffs' continued flaunting of Court Orders and refusal to cooperate in discovery. ECF No. 28, Motion to Dismiss. Plaintiffs again did not file a response to the motion and continued unabated with their contumacious conduct. Plaintiffs' deadline for issuance of expert disclosures/reports expired on February 27, 2015, without a single expert designation having been proffered. Consequently, on March 20, 2015, when Defendant's expert disclosures were due, Defendant, still unapprised of the basis of Plaintiffs' damages claims (having yet to receive the pertinent medical records or expert reports), was forced to designate a number of "potential experts" whose reports would follow once their experts had been able to access the relevant medical records. *See* ECF No. 31, Defendant's Expert Witness Disclosures. Prejudice to Defendant due to Plaintiffs' failures to cooperate in discovery and to comply with Court Orders continued to mount.

Addressing Defendant's December 1, 2014 (second) motion to dismiss (to which Plaintiffs never bothered to respond) Magistrate Judge Majzoub imposed sanctions, including precluding Plaintiffs from presenting certain proofs at trial, but again stopped short of granting outright dismissal of Plaintiffs' claims. ECF No. 33, June 24, 2015 Report and Recommendation. Acknowledging the severity of the sanction of dismissal, Magistrate Judge Majzoub credited Plaintiffs' partial compliance with the Court's June 23, 2014 Order, but severely limited Plaintiffs' ability to present certain proofs at trial. *Id*. at 5. Magistrate Judge Majzoub again warned Plaintiffs that further failures to cooperate in discovery or to comply with Court Orders could result in dismissal of their case. *Id*. at 6. On July 14, 2015, there having been no objections to Magistrate Judge Majzoub's June 24, 2015 Report and Recommendation, this Court adopted the Report and Recommendation and explicitly warned Plaintiffs *yet again* "that any further failures to cooperate in the progress of this litigation, or failures to comply with Court orders, may result in dismissal of this case with prejudice." ECF No. 34, Order Adopting Report and Recommendation 2.

To date, Plaintiffs have failed to pay the fees ordered by Magistrate Judge Majzoub as a sanction for their contumacious conduct, and have submitted no expert witness disclosures in this auto negligence action in which they claim physical and emotional damages. Plaintiffs' last minute "additions" to the Joint Final Pretrial Order (which Defendant initially was forced to prepare because Defendant was unable to obtain Plaintiffs' cooperation) continue to list witnesses as to whom the Court has ruled no proofs will be permitted at trial and medical records that appear to have never been produced in discovery.

As is clear from the above litany of continuous dilatory and contumacious conduct on Plaintiffs' part in this action, Plaintiffs' failure to appear for the Joint Final Pretrial Conference in

this matter (and failure to timely assume any responsibility whatsoever for preparation of the Joint Final Pretrial Order as directed in the Court's Case Management Order and failure to cooperate when Defendant assumed that duty) was not the sole basis for the Court's decision to dismiss this case with prejudice pursuant to Fed. R. Civ. P. 41(b). It was merely the tipping point.

Plaintiffs' repeated disregard for the Orders of this Court, failures to cooperate in discovery and failures to offer any justification for their dilatory conduct (indeed twice completely ignoring and failing to respond to Defendant's motions for sanctions and dismissal), demonstrate "'a reckless disregard for the effect of [their] conduct on these proceedings,'" and an actual "'intent to thwart [these] judicial proceedings.'" *Buck v. U.S. Dept. of Agriculture*, 960 F.2d 603, 608 (6th Cir. 1992) (quoting *Shepard Claims Service v. William Darrah & Assoc.*, 796 F.2d 190, 194 (6th Cir. 1986)) (alterations added). In fact, in light of Plaintiffs' history of dilatory and contumacious conduct and the Court's previous warnings of dismissal for further failures to cooperate, the Court had closely considered *sua sponte* dismissal pursuant to Rule 41(b) even before Plaintiffs failed to appear for the December 14, 2015 Final Pretrial Conference (which was scheduled and entered on the Court's docket on August 6, 2015 and electronically sent to all counsel). Dismissal was appropriate even prior to the failure appear at the Conference based on Plaintiffs' failure to comply with the Court's long-standing Case Management Order that placed the responsibility for preparation of the Joint Final Pretrial Order squarely on the Plaintiffs. Plaintiffs were urged into action on that responsibility only after Defendant's counsel emailed the Court on the eve of the due date for the Joint Final Pretrial Order to report that Plaintiffs had yet to contact Defendant regarding preparation of the Order and had failed to respond to Defendant's efforts at preparing the Order. Plaintiffs never attempted to explain their failure to timely assume their duty under the Court's Case Management

6

Order to initiate preparation of the Joint Final Pretrial Order. However, because a clearly inadequate and improper semblance of a Joint Final Pretrial Order had been hurriedly submitted on the Friday before the Monday conference, the Court held off on the Rule 41(b) dismissal pending the outcome of proceedings at the Monday conference. When Plaintiffs then failed to appear for the Joint Final Pretrial Conference, this was simply the final act of reckless disregard for these proceedings that justifiably necessitated dismissal of this action with prejudice.

The Court's considered decision to dismiss this action with prejudice pursuant to Fed. R. Civ. P. 41(b) was based on Plaintiffs' long and clear record of contumacious conduct. Plaintiffs' counsel's claim of a "clerical error" in "calendaring" as an excuse for this final act of recklessness rings hollow given this history and has no credibility in light of email exchanges between counsel the Friday prior to the scheduled Monday Final Pretrial Conference regarding the Joint Final Pretrial Order, which expressly reference completing preparations before "Monday's conference." Pls.' Mot. Ex. D, December 10, 2015 email from Dalton to Plaintiffs' counsel. Plaintiffs' counsel's failure to comply with its responsibility under this Court's rules regarding preparation of the Joint Final Pretrial Order, which required Plaintiffs to contact Defendant to initiate and confer regarding preparation of the Joint Final Pretrial Order, and failure to appear for the Final Pretrial Conference were the last in a long line of flagrant violations of this Court's Orders.

Plaintiffs have been sanctioned and had been warned of potential dismissal of their claims multiple times in this case for conduct that has clearly prejudiced the Defendant's ability to prepare a defense to Plaintiffs' claims. Plaintiffs have been warned specifically that dismissal of their claims would be a consequence of further flaunting of Court Orders and failures to cooperate in prosecution of their claims. Plaintiffs have been completely undeterred by those warnings and sanctions. The

7

Court's decision, not made without great consideration, to impose the ultimate sanction of dismissal was not based on a simple failure to appear for a Final Pretrial Conference. Dismissal was justified here and there is no basis to believe that further sanctions, which Plaintiffs plead for in their motion to set aside the dismissal order, would be effective now in deterring further dilatory and contumacious conduct. Despite Plaintiffs' suggestion that all that remains in this case is the trial, this case is far from trial ready. As this Court noted in its December 18, 2015 Dismissal Order, "any sanction short of dismissal would permit the repeatedly recalcitrant [Plaintiffs] to benefit from [their] tactical obstruction." *Sexton v. Uniroyal Chemical Co., Inc.*, 62 F. App'x 615, 621 (6th Cir. 2003). Defendant has been earnestly attempting to defend this case for three years, and has been repeatedly met with Plaintiffs' unprofessional, uncooperative, and contumacious conduct. Nothing short of dismissal of this action with prejudice will serve the ends of justice in this case.

Plaintiffs ask this Court to set aside its Order of Dismissal and reinstate this case because they claim that their failure to attend the Final Pretrial Conference was the result of mistake or excusable neglect. Their motion to set aside the dismissal order mischaracterizes the Court's Order of Dismissal and fails to demonstrate by clear and convincing evidence that they are entitled to relief under Fed. R. Civ. P. 60(b)(1).[1] Additionally, to the extent that Plaintiffs rely on the residual exception in Fed. R. Civ. P. 60(b)(6), an argument that they do not develop in any meaningful way, they have failed to demonstrate any "extraordinary circumstances" that would support granting relief under that residual exception. *Smith*, 776 F.2d at 1333.

---

[1] The Court notes that Plaintiffs cite *no* Sixth Circuit precedent in support of their motion and rely instead on opinions from other circuits, the most recent of which was published in 2000. *See* Plaintiffs' table of "Controlling Authority." Pls.' Mot. 3.

Accordingly, the Court DENIES Plaintiffs' Motion to Set Aside Order of Dismissal with Prejudice and Reinstate this Matter. (ECF No. 38.)

IT IS SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: January 12, 2016

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 12, 2016.

s/Deborah Tofil
Case Manager